UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BRIAN L. REED,                                    )
                                                  )
                          Plaintiff,              )
                                                  )
              vs.                                 )        No. 1:13-cv-01681-TAB-TWP
                                                  )
CAROLYN  COLVIN Acting Commissioner               )
of Social Security,                               )
                                                  )
                          Defendant.              )

**ORDER ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

Before the Court is Plaintiff's application for $7,912.32 in attorney's fees under the Equal

Access to Justice Act for prevailing against the government in this Social Security disability

case.  [Filing No. 37.]  The Commissioner opposes the motion, arguing that her position was

substantially justified.  [Filing No. 38.]

EAJA requires the Court to award attorney's fees and costs to parties prevailing against

the government unless the Court determines that the government's position was "substantially

justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  "In

order for the Commissioner's position to be substantially justified, it must have reasonable

factual and legal bases, and there must exist a reasonable connection between the facts and her

legal theory."  *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006).  The Commissioner

has the burden of proving substantial justification for her positions both before and during

litigation.  *Id.*  A position may be substantially justified, even if the ALJ's decision "turn[ed] out

to be completely wrong" or "offer[ed] merely a cursory and inadequate analysis of an important

1

point." *Bassett v. Astrue*, 641 F.3d 857, 859-60 (7th Cir. 2011). The question of substantial justification is left to the discretion of the district court. *Id.* at 859.

The Commissioner primarily argues the ALJ's error was one of articulation, rather than a lack of evidentiary support for her decision to deny benefits. Plaintiff contends that the ALJ's position was not substantially justified because any articulation errors stemmed from the ALJ's failure to discuss pertinent evidence affecting the ALJ's conclusion.

The Court agrees with Plaintiff. While the ALJ articulated an explanation for her conclusion Plaintiff could perform past relevant work and had engaged in substantial gainful activity, the Court found the ALJ failed to confront evidence in the record that conflicted with her conclusion. Notably, the Court described the ALJ's questioning at the administrative hearing as "unsettling." This strong language in the opinion against the merits of the Commissioner's position is evidence in favor of awarding fees. *Golembiewski*, 382 F.3d 721, 724 (7th Cir. 2004). The Court also encouraged the ALJ to more carefully and appropriately gather testimony from the vocational expert. The ALJ's error concerned evidence in the record that the she ignored, which is far more serious than a mere articulation error.

The ALJ failed to consider the record as a whole and make a reasonable and supported determination at step four. She overlooked evidence suggesting Plaintiff might be disabled, which was the reason for remand. Thus, substantial justification for the ALJ's error is lacking. *See Cunningham v. Barnhart,* 440 F.3d 862, 864 (7th Cir. 2006) (discussing a lack of substantial justification where the ALJ failed to consider certain evidence in a credibility determination).

The Commissioner also argues that her position before and during litigation was reasonable in both law and fact. However this argument cannot succeed because the order indicates the Commissioner's best argument was a *post hoc* rationale. [Filing No. 35.] Remand

here was necessary because the ALJ ignored important evidence which called into question whether Plaintiff could work.  Neither of these positions was reasonable in law and fact and cannot be overcome by other reasonable positions taken by the Commissioner.

Accordingly, the Commissioner has not met her burden of establishing a substantial justification for her position.  Because the Commissioner's position was not substantially justified, Plaintiff's motion for attorney fees is granted.  [Filing No. 37.]  Defendant is ordered to pay fees in the amount of $7,912.32 to Plaintiff's attorney pursuant to EAJA, 28 U.S.C. § 2412.[1]

Date:  8/27/2015

_____
Tim A. Baker
U.S. Magistrate Judge
Southern District of Indiana


Distribution:

Joseph R. Wambach
KELLER & KELLER
joew@2keller.com

Timothy E. Burns
KELLER & KELLER
timb@2keller.com

Eric Truett
OFFICE OF GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION
eric.truett@ssa.gov

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

_____

[1] This amount includes the $862.68 requested in Plaintiff's reply brief [Filing No. 39.] in addition to the $7,049.64 Plaintiff requested in his original motion.  [Filing No. 37.]